UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL WORKERS HEALTH & WELFARE TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAN BRADY MCCAA, et al.,<br><br>Defendants. | Case No.: 1:20-cv-01610-NONE-JLT<br><br>FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 28) |

Plaintiffs seek default judgment against defendants Alan Brady McCaa, Kinley McCaa, McCaa Electrical Construction, Inc., and McCaa Electrical Consultants (Doc. 28), and the defendants have not opposed this motion. For the following reasons, the Court recommends the motion for default judgment against defendants be **GRANTED**.

**I.     Procedural History**

On November 12, 2020, plaintiffs filed its complaint. (Doc. 1.) On December 26, 2020, defendant Kinley Lynne McCaa was personally served. (Doc. 5.) Defendant failed to file a responsive pleading as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i). Upon motion by the plaintiffs, the Court entered the Clerk's Certificate of Entry of Default against defendant Kinley Lynne McCaa on January 20, 2021. (Docs. 6, 7.)

On January 25, 2021, defendants McCaa Electrical Construction, Inc. (Doc. 11), McCaa

1

Electrical Consultants (Doc. 12), and Alan Brady McCaa (Doc. 13) were personally served. Defendants failed to file a responsive pleading as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i). Upon motion by the plaintiffs, the Court entered the Clerk's Certificate of Entry of Default against defendants on January 27, 2021. (Docs. 16, 17.)

On July 30, 2021, plaintiffs filed the motion now pending before the Court seeking default judgment against defendants Alan Brady McCaa, Kinley McCaa, McCaa Electrical Construction, Inc., and McCaa Electrical Consultants. (Doc. 28.)

## II.     Legal Standards Governing Entry of Default Judgment

The Federal Rules of Civil Procedure govern the entry of default judgment. After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed. R. Civ. P. 55(a)-(b). Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. Pope v. United States, 323 U.S. 1, 11 (1944); see also Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment." Pepsico, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), accord Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As a general rule, the issuance of default judgment is disfavored. Id. at 1472.

///

### III. Plaintiffs' Allegations

On November 12, 2020, Plaintiffs filed a complaint against Alan McCaa, Kinley McCaa, McCaa Electrical Construction, Inc., and McCaa Electrical Consultants for failure to make all required contributions as set forth in the collective bargaining agreement between the Defendants and Plaintiffs. (Doc. 28 at 3.) By virtue of their signatory status, the Defendants are also bound to the terms of the collective bargaining agreement and declarations of trust setting forth the terms by which signatory contractors make contributions to the trust funds. (Id.)

Although McCaa Electrical Construction, Inc. is the signatory contractor to the agreements, Plaintiffs named officers and directors, Alan and Kinley McCaa as alter ego defendants based on their unilateral dissolution of the signatory corporation prior to the dates for which the contributions were sought. (Doc. 28 at 3.) Plaintiffs also named McCaa Electrical Consultants as a defendant and business successor of McCaa Electrical Construction, Inc. and Romero Electric, LLC and Albert Romero as alter ego defendants.[1] (Id.) Plaintiffs further alleged that all Defendants were engaged in a scheme of "illegal double-breasting" and that the business defendants did constitute a single employer in violation of the agreements. (Id.; Doc. 1, Complaint at ¶¶ 49-50.) The complaint seeks payment of contributions, liquidated damages, and interest which Defendant McCaa Electrical Construction, Inc. was required to make pursuant to the agreements. (Doc. 28 at 4.)

### IV. Discussion and Analysis

Applying the factors articulated by the Ninth Circuit in Eitel, the Court finds the factors weigh in favor of granting plaintiffs' motions for default judgment.

A. Prejudice to plaintiffs

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See Pepsico, Inc., 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. Id.; Moroccanoil, Inc. v. Allstate Beauty Prods., 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012). Therefore, the Court finds

---

[1] Romero Electric LLC and Albert Romero hired counsel to defend against the complaint and ultimately entered into a settlement agreement by which they filed a joint stipulation of conditional dismissal with this Court. (Docs. 21, 25.) On June 14, 2021, the Court entered an order closing the action as to Romero Electric LLC and Albert Romero. (Doc. 27.)

3

plaintiffs would be prejudiced if default judgment is not granted.

B.     Merits of plaintiffs' claims and the sufficiency of the complaint

Given the kinship of these factors, the Court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together. See J & J Sports Productions v. Hernandez, 2010 U.S. Dist. LEXIS 48191, at *3, n. 4 (E.D. Cal. May 17, 2010). The Ninth Circuit has suggested that, when combined, these factors require a plaintiff to "state a claim on which the plaintiff may recover." Pepsico, Inc., 238 F.Supp.2d at 1175 (citing Kloepping v. Fireman's Fund, 1996 U.S. Dist. LEXIS 1786, at *6 (N.D. Cal. Feb. 14, 1996)).

Plaintiffs filed this action to recover the contributions and statutory liquidated damages, interest and attorney's fees and costs owed to Plaintiffs. (Doc. 28 at 9.) Plaintiffs assert that the payment of these contributions is governed by federal law and the contributions are used to provide health and other benefits to the working members of the Union. (Id.) According to Plaintiffs, the terms of the agreements require Defendants to timely pay the contributions owed by Defendants and assess contractual liquidated damages and interest for failure to do so. (Id.) Plaintiffs allege that the complaint filed in this action includes the proper allegations of unpaid contributions due pursuant to the agreements, 502(e)(1) of ERISA (29 U.S.C. §1132 (e)), and §301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. §185(a)). (Doc. 28 at 9.) Plaintiffs claims that the complaint also properly alleges illegal alter ego and double-breasting activities by the Defendants through supporting exhibits demonstrating how Defendants methodically cancelled their contractor's licenses, dissolved their corporation, declared personal bankruptcy, and moved work covered under the agreements to one or more, non-signatory contractor in a deceitful effort to avoid paying their fringe benefit contributions. (Id.)

Notably, 29 U.S.C. § 1145 states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." Section 1145 creates a cause of action against employers who do not make timely contributions that are required under a collective bargaining agreement. Bd. of Trs. v. RBS Wash. Blvd, LLC, No. C 09-0660 WHA, 2010

WL 145097, at *2 (N.D. Cal. Jan.8, 2010).

The plaintiffs must prove the following: (1) the trusts are multiemployer plans as defined by 29 U.S.C. § 1002(37); (2) the collective bargaining agreements obligated the defendant to make contributions; and (3) he did not make the required contributions. 29 U.S.C. § 1145; Bd. of Trs. v. Gervasio Envtl. Sys., No. C 03-4858 WHA, 2004 WL 1465719, at *2 (N.D. Cal. May 21, 2004).

The allegations and declarations set forth by the Plaintiffs establish they are multiemployer plans as defined by 29 U.S.C. § 1002(37) and that the Defendants breached the bargaining agreements and his statutory duties under ERISA § 515, 29 U.S.C. § 1145, by failing to timely pay contributions. Defendants are an "employer" under ERISA, signed and are a party to the bargaining agreements (and the incorporated trust agreements), owed contributions under the agreements, and are liable under the agreements for the unpaid contributions, liquidated damages, interest, and reasonable attorney's fees and expenses. See Trustees of S. Cal. IBEW-NECA Pension Plan v. Pro Tech Eng'g Corp., No. SACV 150637-DOC (Ex), 2017 WL 10573806, at *3 (C.D. Cal. Aug. 28, 2017) (finding default judgment appropriate as to applicant's section 515 claim because "[p]laintiff has sufficiently alleged that [defendant] was obligated to, and failed to, make contributions to multiemployer plans under the terms of the [t]rust [a]greements"). These factors weigh in favor of entry of default judgment.

C.     Sum of money at stake

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." Pepsico, Inc., 238 F.Supp.2d at 1176. When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored. See Eitel, 782 F.2d at 1472 (affirming the denial of default judgment where the plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings).

Plaintiffs are seeking an award totaling $31,378.17 and includes the fringe benefit contributions, liquidated damages, and interest of $12,975.67 as well as $18,402.50 in attorney's fees and costs. (Doc. 28 at 4, 10-11, citing Abbate Family Farms Limited Partnership v. G D Fresh Distribution, Inc., 1:12-cv-0303 LJO-BAM (E.D. Cal., June 13, 2012) (finding requested sum in the amount of $24,275.49 to be modest).) This amount is tailored to the defendants' specific misconduct (in the form of his failure to pay contributions) and is supported by evidence in the record. See,

e.g., Bd. of Trs. v. Fryer Roofing Co., No. 16-CV-02798-LHK, 2017 WL 6539868, at *5 (N.D. Cal. Dec. 21, 2017) (finding fourth Eitel factor weighed in favor of default judgment of $2.4 million in ERISA case where "[a]lthough substantial, these sums of actual and statutory damages are tailored to Defendant's 'specific misconduct' of complete withdrawal from the Plan and other damages required under ERISA"). Accordingly, this factor weighs in favor of entry of default judgment.

D.     Possibility of dispute concerning material facts

There is no evidence of a genuine issue of material fact because the Court accepts the factual allegations in the complaint as true. TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Notably, the defendants have submitted nothing to contradict them.

On December 26, 2020, defendant Kinley Lynne McCaa was personally served (Doc. 5), and on January 25, 2021, defendants McCaa Electrical Construction, Inc. (Doc. 11), McCaa Electrical Consultants (Doc. 12), and Alan Brady McCaa (Doc. 13) were personally served. Defendants were given ample opportunity to respond to the complaint and to participate in the proceedings. After plaintiffs moved for default judgment, defendants still failed to respond. Accordingly, this factor weighs in favor of granting default judgment.

E.     Whether default was due to excusable neglect

The sixth Eitel factor examines whether the defendant's failure to respond to the complaint was the result of excusable neglect. Eitel, 782 F.2d at 1471-72. Plaintiffs properly served defendants with the summons and complaint, yet defendants made no appearance in this matter and failed to respond to the present motion. There is no suggestion that this failure is due to excusable neglect. See Shanghai Automation Instr. Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (default after proper service was not excusable neglect). Thus, this factor also weighs in favor of entry of default judgment because defendants have failed to make any appearance in this case.

F.     Policy favoring decisions on the merits

The strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits. Eitel, 782 F.2d at 1472. Nonetheless, where a defendant fails to answer the complaint, a decision on the merits is "impractical, if not impossible." Elektra Ent. Group, Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted). Thus, given defendants' failure to appear or

respond in any way, this factor does not preclude entry of default judgment. Id., at 393.

**V.     Relief Requested**

Plaintiffs seek delinquent contributions and interest owed, liquidated damages, and attorney's fees and costs. (See Doc. 28 at 4, 13.)

A.     Damages

   *1.     Delinquent Contributions*

Plaintiffs claim that Defendants owe delinquent contributions in the amount of $5,582.24 and interest on the delinquent contributions in the amount of $955.60. (Doc. 28 at 4; Doc. 28-1 at 11.) The ERISA, 29 U.S.C. 1132(g), provides that Plaintiffs are entitled to recover unpaid contributions and interest on the unpaid contributions. The delinquent contributions are for the months of October, November, and December 2019. (Doc. 28-1, Gamble Decl. ¶ 5.) The interest on the delinquent contributions is for the same months at the agreed-upon interest rate of 10%. (Doc. 28-1 at 11.) In support of its claims, Plaintiffs submitted a declaration with a summary of the outstanding contribution amounts and interest owed. (See Doc. 28-1.) This Court finds that Plaintiffs have established delinquent contributions and interest owed in the amount of $6,537.84 ($5,582.24 plus $955.60).

   *2.     Liquidated Damages*

Plaintiffs claim that Defendants owe liquidated damages in the amount of $6,437.83 for the months of October, November, and December 2019. (Doc. 28 at 4; Doc. 28-1 at 11.) The ERISA, 29 U.S.C. 1132(g), provides that Plaintiffs are entitled to recover liquidated damages "not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law)." Both the labor and the trust agreements provide for liquidated damages in the sum of 10% to be imposed on late contributions. (See Doc. 1, Complaint ¶ 13.) In support of their claim to liquidated damages, Plaintiffs submitted Ms. Gable's declaration and supporting contractor delinquency report prepared by Ms. Gable. (See Doc. 28-1.) Based on the foregoing, the Court finds that Plaintiffs have sufficiently claimed that they are owed liquidated damages in the amount of $6,437.83.

B.     Request for Attorney's Fees and Costs

Plaintiffs also seek an award of attorney's fees and costs in the amount of $18,402.50. (Doc. 28 at 13; Doc. 28-2, Lena Affidavit.) When awarding attorneys' fees under ERISA, the district court must

apply "the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate." Ryan v. Editions Ltd. W., Inc., 786 F.3d 754, 763 (9th Cir. 2015) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016) (internal quotation marks and citation omitted). The party requesting fees has the burden of establishing that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Camancho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) (internal quotation marks and citation omitted). The party prevailing on default judgement has "the burden of submitting billing records to establish that the number of hours" requested are reasonable. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013).

Plaintiffs seek an award of $17,290.00 in attorney's fees, plus $1,112.50 in filing fees and service costs. (Doc. 28-2 at 2.) Plaintiffs request for 53.20 hours of work expended by attorney Tiffany Lena at an hourly rate of $325. (Doc. 28-2 at 2, 13-15.)

*1.     Hourly Rates*

Plaintiffs request an hourly rate of $325 for Ms. Lena. (Doc. 28-2 at 2.) Courts generally calculate the hourly rate to be charged according to the prevailing market rates in the relevant legal community. Blum v. Stenson, 465 U.S. 886, 895 (1984). In general, courts use the rates of attorneys practicing in the forum district, which, in this case, is the Eastern District of California, Fresno Division. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1993); Davis v. Mason Cnty., 927 F.2d 1473, 1488 (9th Cir. 1991). The fee applicant bears the burden of producing sufficient evidence that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum, 465 U.S. at 895 n.11.

The affidavit submitted by Ms. Lena states that, "I am a sole practitioner and have worked almost exclusively in the area of ERISA and Taft-Hartley Trust Funds since 1996. My billing rate is $325 an hour which is reasonable based on my background and expertise, and based on the practice of law in San Diego CA where I reside. Moreover, the hourly rate is representative of the prevailing market rate for professionals of similar background and experience." (Doc. 28-2 at 2.)

Notably, "[i]n the Fresno Division of the Eastern District of California, attorneys with twenty

or more years of experience are awarded $350.00 to $400.00 per hour." TBK Bank, SSB v. Singh, No. 117CV00868LJOBAM, 2018 WL 1064357, at *7 (E.D. Cal. Feb. 23, 2018) (collecting cases), *report and recommendation adopted*, No. 117CV00868LJOBAM, 2018 WL 3055890 (E.D. Cal. Mar. 21, 2018). For attorneys with "less than ten years of experience, . . . the accepted range is between $175 and $300 per hour." Silvester v. Harris, No. 1:11-CV-2137 AWI SAB, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 17, 2014) (citing Willis v. City of Fresno, No. 1:09-CV-01766—BAM, 2014 WL 3563310 (E.D. Cal. July 17, 2014); Gordillo v. Ford Motor Co., No. 1:11-cv—01786 MJS, 2014 WL 2801243 (E.D. Cal. June 19, 2014)). Ms. Lena's requested hourly rate of $325 is in accord with the prevailing market rates in the Fresno Division, especially since Ms. Lena possesses more than 20 years of experience. See, e.g., Trs. of the S. Cal. Ibew-Neca Pension Plan v. Hackney, No. 2:20-cv-09312-CAS-GJSx, 2021 U.S. Dist. LEXIS 77377, at *19 (C.D. Cal. Apr. 19, 2021) (approving a range of $300.00 to $390.00 per hour for attorneys in an ERISA case).

### 2. *Time Expended*

Reasonable hours expended on a case are hours that are not "'excessive, redundant, or otherwise unnecessary.'" McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). A party must provide detailed time records documenting the tasks completed and the time spent. Hensley, 461 U.S. at 437, 440; McCown, 565 F.3d at 1102; Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007). Plaintiffs request for 53.20 hours of work expended by Tiffany Lena. (Doc. 28-2 at 2, 13-15.) Plaintiffs provided detailed time records for the tasks completed, including the time spent for each (Doc. 28-2 at 13-15), and the Court finds that the hours expended are reasonable. See, e.g., Dist. Council 16 N. Cal. Health & Welfare Tr. Fund v. Sinnock, No. 19-cv-08262-LB, 2021 U.S. Dist. LEXIS 87115, at *19-20 (N.D. Cal. May 6, 2021) (finding reasonable 69.20 hours of attorney time and 29.40 hours of paralegal time for tasks that include preparing the complaint, accompanying documents, the request for entry of default, the default-judgement documents, and other filings in an ERISA case); Heat v. Tri-County Insulation Co., No. 20-cv-00913-JSC, 2021 U.S. Dist. LEXIS 78682, at *17 (N.D. Cal. Mar. 30, 2021) (finding reasonable 56.4 hours of attorney time and 11.6 hours of paralegal time in connection with default judgment in ERISA case).

### *3.  Litigation Expenses and Costs*

Plaintiffs request to recover litigation expenses and costs of $1,112.50. (Doc. 28-2 at 2.) These litigation expenses may be awarded as costs to plaintiffs. See Harlow v. Metro. Life Ins. Co., 379 F. Supp. 3d 1046, 1060 (C.D. Cal. 2019) (finding that "costs relating to the filing fee, service of process[,] certain photocopies, and subpoena fees" were recoverable as part of fee award in connection with default judgment in ERISA case). Accordingly, the Court recommends that plaintiffs be awarded the sum of $1,112.50 for litigation expenses and costs.

## VI.  Findings and Recommendations

Based on the foregoing analysis, the Eitel factors weigh in favor of granting default judgment, and the entry of default judgment is within the discretion of the Court. See Aldabe, 616 F.2d at 1092. Therefore, the Court **RECOMMENDS**:

1. Plaintiffs' motion for default judgment against defendants Alan Brady McCaa, Kinley McCaa, McCaa Electrical Construction, Inc., and McCaa Electrical Consultants be **GRANTED** (Doc. 28);
2. Plaintiffs be **AWARDED** damages in the amount of $12,975.67; and
3. Plaintiffs be **AWARDED** attorney's fees in the amount of $17,290.00 and costs and expenses in the amount of $1,112.50.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///
///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 27, 2021**                            _ /s/ Jennifer L. Thurston
                                                        CHIEF UNITED STATES MAGISTRATE JUDGE