UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL WORKERS HEALTH & WELFARE TRUST, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>ALAN BRADY MCCAA, *et al.*<br><br>Defendants. | Case No. 1:20-cv-01610-JLT-CDB<br><br>ORDER GRANTING APPLICATION FOR APPEARNACE AND EXAMINATION OF JUDGMENT DEBTORS ALBERT ROMERO AND ROMERO ELECTRIC LLC, AND FOR THE PRODUCTION OF DOCUMENTS<br><br>(Doc. 39) |

Pending before the Court is the application of Plaintiffs Board of Trustees of the Kern County Electrical Workers' Health & Welfare Trust, Board of Trustees of the Kern County Electrical Journeyman and Apprenticeship Training Trust, National Electrical Benefit Fund, NECA-IBEW National Labor-Management Cooperation Committee, Administrative Maintenance Fund, and International Brotherhood of Electrical Workers, Local 428's (hereinafter collectively "Plaintiffs/Judgment Creditor") for appearance and examination of judgment debtors Albert Romero and Romero Electric LLC ("Romero Defendants/Judgment Debtors"), and for the production of documents. (Doc. 39). For the following reasons, this Court grants the application.

**Background**

On April 23, 2021, Plaintiffs and the Romero Defendants filed a notice of settlement.

1  (Doc. 21). On June 11, 2021, the parties filed a stipulation for conditional partial dismissal of the
2  action with prejudice as to Defendants Albert Romero and Romero Electric LLC only. (Doc. 25).
3  The stipulation conditionally dismissed the matter pending performance of the terms of a
4  settlement agreement between the parties. (Doc. 25-1). Specifically, the Romero Defendants
5  agreed to pay $9,500 by April 1, 2022, and permit an examination of business records by July 15,
6  2021. (Doc. 25 at 2). If the Romero Defendants failed to satisfy either of these terms or were
7  otherwise in default of the Settlement Agreement, then Plaintiffs were entitled to file a Stipulated
8  Judgment against them in the sum of $9,500, plus interest thereon at the rate of 10% per year
9  from and after July 1, 2021, less any payments made by the Romero Defendants toward their
10 obligations under the Settlement Agreement. *Id*. at 2-3.

11     On June 14, 2021, the Court issued an order closing the action as to the Romero
12 Defendants. (Doc. 27). The Court noted that if the Romero Defendants "fail to complete the
13 terms of the settlement," Plaintiffs may seek a stipulated judgment against them. *Id*. at 1.

14     On October 24, 2021, Plaintiffs filed a motion for final judgment as to the Romero
15 Defendants. (Doc. 32). Plaintiffs asserted the Romero Defendants breached the settlement
16 agreement between them. *Id*. On May 2, 2022, the Court issued an order granting the request for
17 judgment and entered final judgment as to the Romero Defendants. (Doc. 37).

18     On February 9, 2024, Plaintiffs filed the instant application. (Doc. 39). In a declaration
19 filed in support of the application, Tiffany Lena, counsel for Plaintiffs, attests that the Romero
20 Defendants have made no payments on their debt. (Doc. 40).

21 **Discussion**

22     Federal Rule of Civil Procedure 69 ("Rule 69") governs enforcement of judgment
23 proceedings in federal courts. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996).
24 Pursuant to Rule 69(a)(1), "[t]he procedure on execution—and in proceedings supplementary to
25 and in aid of judgment or execution—must accord with the procedure of the state where the court
26 is located, but a federal statute governs to the extent it applies." *See In re Estate of Ferdinand*
27 *Marcos Human Rights Litigation*, 536 F.3d 980, 987-88 (9th Cir. 2008) (the procedure on
28 execution is to be in accordance with the procedure of the state in which the district court is

located at the time the remedy is sought).  In turn, California Code of Civil Procedure § 708.110 provides, in relevant part:

> (a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.
>
> (b) If the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon ex parte application of the judgment creditor.
>
> (c) If the judgment creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit or otherwise shows good cause for the order. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.
>
> (d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.
>
> (e) The order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: "NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding.

Cal Civ. Proc. Code § 708.110(a)-(e).  Cal Civ. Proc. Code § 708.160(b) also provides that "[a] person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles."

Here, Plaintiffs' application and affidavit set forth the showing required by Rule 69 and the applicable provisions of Cal Civ. Proc. Code §§ 708.110 and 708.160.  (Docs. 39-40).

Separately, Plaintiffs seek to require the Romero Defendants/judgement debtors to produce documents prior to the examination.  Under California law, judgment debtor proceedings "permit the judgment creditor to examine the judgment debtor, or third persons who have

property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *United States v. Feldman*, 324 F. Supp. 2d 1112, 1116 (C.D. Cal. 2004) (quoting *Imperial Bank v. Pim Elec., Inc.*, 33 Cal. App.4th 540, 547 (1995)).  Debtor examination is intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor, and to leave no stone unturned in the search for assets which might be used to satisfy the judgment." *Alcalde v. NAC Real Estate Investments & Assignments, Inc.*, 580 F. Supp. 2d 969, 970 (C.D. Cal. 2008) (internal citations and quotations omitted).

Federal Rule of Civil Procedure 34 authorizes a party to seek the production of documents. *Id.* at 971.  Further, Cal Civ. Proc. Code § 708.030(a) provides that a "judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made…"

Accordingly, the Romero Defendants shall produce to Plaintiffs the following documents for inspection as directed by this order:

> (a) Any information and documentation identifying real property, personal property, intellectual property, vehicles, boats, brokerage accounts, retirement accounts, life insurance policies, bank deposits, securities, cash, and all other assets owned by Albert Romero and/or Romero Electric LLC, including, but not limited to, information relating to financial accounts and monies owed to Albert Romero and/or Romero Electric LLC, by others.
>
> (b) Any information and documentation identifying real property, personal property, intellectual property, vehicles, boats, brokerage accounts, retirement accounts, life insurance policies, bank deposits, securities, cash and any other assets transferred to a third party from January 1, 2019, to the present.
>
> (c) All accounts payable or receivable, payroll check stubs, financial statements of Albert Romero and/or Romero Electric LLC including any document showing monetary amounts due to either judgment debtor from third party(s) from January 1, 2019, to the present.
>
> (d) All tax returns filed by Albert Romero and/or Romero Electric LLC with any governmental body for the years 2019 through the present.
>
> (e) All accounting and banking records for Albert Romero and/or Romero Electric LLC including checkbooks, checkbook stubs, checkbook entries, and/or electronic banking

records from January 1, 2019, through the present.

(f) All credit card statements from January 1, 2019, through the present.

**Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that

1. Albert Romero, in his capacity as an individual and as the designated representative of Romero Electric LLC,[1] shall personally appear on May 13, 2024, at 9:00 am at the United States District Court located at 510 19th Street, #200, Bakersfield CA 93301, to furnish information to aid in the enforcement of a money judgment by answering questions about the judgment debtor's real and personal property and assets;

2. Romero Defendants/Judgment Debtor shall also bring any documents responsive to this order to the United States District Court for inspection and photocopying;

3. Plaintiffs/Judgment Creditor must serve this order upon Romero Defendants personally not less than ten (10) days before the date set for the examination and must file a certificate of such service with the Court.

**NOTICE TO JUDGMENT DEBTOR. IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**

IT IS SO ORDERED.

Dated:   **February 15, 2024**                              _____
                                                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Cal Civ. Proc. Code § 708.150 provides that if a corporation, partnership, association, trust, or other organization is served with an order to appear for an examination, it shall designate to appear and be examined one or more officers, directors, managing agent, or other persons who are familiar with its property and debts.